1  Peter M. Lively, 162686
   Hillary C. Coleman, 156584
2  Ilya B. Volk, 272407
   Law Office of Peter M. Lively
3  11268 Washington Boulevard, Suite 203
   Culver City, California 90230-4647
4  Telephone No: (310) 391-2400
5  Facsimile No: (310) 391-2462
   Email: Peter@PeterMLively.com
6
7  Counsel for Debtors
   MAXIMINO A. SANTOS and GLORIA S.L. SANTOS
8

**FILED & ENTERED**

**APR 27 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY queen    DEPUTY CLERK**

9              UNITED STATES BANKRUPTCY COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11
                   LOS ANGELS DIVISION
12

| In re: | Chapter 13 |
|---|---|
| MAXIMINO A. SANTOS and GLORIA S.L. SANTOS, | Case No. 2:10-bk-60955-AA |
| Debtors. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| | <u>Hearing</u><br>Date: March 24, 2011<br>Time: 10:00 A.M.<br>Courtroom: 1375<br>255 E. Temple Street<br>Los Angeles, California 90012-3332 |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

MAXIMINO A. SANTOS and GLORIA S.L. SANTOS, (hereinafter "Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 29, 2010. On December 9, 2010, Debtors filed their Chapter 13 Plan ("the Plan") and Schedules. The Chapter 13 Trustee, KATHY A. DOCKERY, filed Trustee's Objections to Plan Confirmation on January 13, 2011. Debtors filed their Amended Form B22C on January 18, 2011.

Confirmation of Debtors' Chapter 13 Plan was brought on for hearing before the Court on March 24, 2011. Debtors and the Chapter 13 Trustee appeared through counsel. After due consideration of Debtors' Chapter 13 Plan, the Chapter 13 Trustee's Objection to Confirmation of Plan, and the supplemental briefs submitted thereon, the Court now enters the following findings of fact and conclusions of law.

**A.     FINDINGS OF FACT**

1. Debtors filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on November 29, 2010, which was assigned case number LA10-60955-AA.

2. Debtors' monthly disposable income set forth in their Amended Form B22C is $-4,068.12, that is, a negative amount. Debtors' monthly disposable income set forth in their Schedules I and J is $923.06. This positive figure is yielded after inclusion of Debtors' Social Security income of $1,233.00, which is exempt.

3. Debtors are owners of the real property commonly known as 10343 Park Street, Bellflower, CA 90706, which is their primary residence (the "subject property"). The Plan filed by Debtors provides for payments of $944.49 for 36 months to repay debt owed to Bank of America, secured by a senior deed of trust on the subject property, and proposes to pay 3.5% to general unsecured creditors.

4. According to Debtors' Schedule D, the value of Debtors' primary residence was $549,000 at the time of filing. The subject property is encumbered by four liens. Debtors listed the following claims on Schedule D:

    a.     First Deed of Trust held by Bank of America Home Loans

        Amount: $752,047.89 (consensual lien)

    b.     Second Deed of Trust held by Wells Fargo Bank, N.A.

        Amount: $194,280.21 (consensual lien)

      c.      Third Deed of Trust held by Wells Fargo Bank, N.A.

            Amount: $19,990.84 (consensual lien)

      d.      Judgment Lien (recorded abstract of judgment) held by Wells Fargo Bank, N.A. (Wells Fargo Card Services) (nonconsensual judgment lien)

            Amount: $52,080.82

5.      Debtors owe more than $549,000 to the senior lienholder, Bank of America. Therefore, Debtors contend that the three junior liens are subject to avoidance.

6.      Debtors' Plan does not provide for any specific treatment of the consensual second Deed of Trust, the consensual third Deed of Trust, or the nonconsensual judgment lien. However, Schedule D indicates that the consensual junior liens of Wells Fargo are "Subject to 11 U.S.C. § 506" and the judgment lien of Wells Fargo is "Subject to 11 U.S.C. § 522(f)." It was Debtors' intention at the time they filed their case to avoid all three junior liens.

7.      Debtors successfully avoided the second and third Deeds of Trust against the Real Property pursuant to 11 U.S.C. § 506(d), as set forth in the Court's Order on Motion to Avoid Junior Lien on Principal Residence entered December 28, 2010. Said Order provides that the avoidance of such liens is contingent upon Debtors' receipt of a Chapter 13 discharge. In addition, the liens remain in junior position in the event of dismissal or conversion of Debtors' case, or if the subject property is sold or refinanced.

8.      Debtors also successfully avoided the judgment lien pursuant to 11 U.S.C. § 522(f), as set forth in the Court's Order on Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) entered December 28, 2010.

9.      The 341(a) Meeting of Creditors was held on January 10, 2011. At the 341(a) meeting, the Chapter 13 Trustee, Kathy Dockery, raised objections to confirmation of Debtors' Chapter 13 Plan based on infeasibility and the failure of the Plan to provide for a five-year

applicable commitment period.  The Trustee also requested documentation to substantiate the Debtors' stated sources of income.  The Trustee did not object to confirmation based on ineligibility for exceeding the unsecured debt limit of 11 U.S.C. § 109(e) at the 341 meeting of creditors at that time.

10. In the Trustee's Objections to Plan Confirmation filed January 13, 2011, the Trustee asserted that Debtors must make payments under their Chapter 13 Plan for 60 months rather than 36 months because *Hamilton v. Lanning*, 560 U.S. ___ (2010); 130 S.Ct. 2464 (2010) overruled *Maney v. Kagenveama (In re Kagenveama)*, 527 F.3d 990 (9th Cir. 2008), such that projected disposable income includes exempt Social Security income.

11. The first confirmation hearing on Debtors' Plan was scheduled for February 10, 2011.

12. After the 341(a) meeting of creditors and prior to the first confirmation hearing, upon further review of Debtors' Schedules, the Trustee informed Debtors' counsel that an objection would be raised based on ineligibility under Section 109(e) of the Bankruptcy Code because Debtors' scheduled debts exceeded the unsecured debt limits of Section 109(e) at the time of filing.

13. The confirmation hearing was continued from February 10, 2011 to March 24, 2011 for Debtors to address the ineligibility objection raised by the Trustee after the 341(a) meeting of creditors.

14. On March 10, 2011, Debtors filed a Supplemental Memorandum of Points and Authorities in Support of Confirmation of Chapter 13 Plan.

15. The Trustee filed a Reply on March 22, 2011 addressing the ineligibility issue *only*.

16. At the time that Debtors' petition was filed, the unsecured debt limit of 11 U.S.C.

1. § 109(e) was $360,475.  Pursuant to Section 109(e), individuals who owe more than $360,475 of noncontingent, liquidated, unsecured debts are not eligible for relief under Chapter 13 of the bankruptcy code.

17. Debtors listed $105,743.71 unsecured claims on Schedule F.

18. Debtors listed the nonconsensual judgment lien of Wells Fargo in the amount of $52,080.82 on Schedule D as "Subject to 11 U.S.C. § 522(f)" and conceded that this claim is counted as "unsecured" for eligibility determination.

18. Debtors contemplated avoiding two consensual junior liens, totaling $214,271.05 under 11 U.S.C. § 506, and obtained orders avoiding those liens on December 28, 2010.

19. The combined total of debtors' scheduled unsecured claims from Schedule F, the claims subject to avoidance under 11 U.S.C. § 506 and the claim subject to avoidance under 11 U.S.C. §522(f) is **$372,095.58.**

20. Based on the Debtors' filed schedules and the amount of avoided liens, the combined total of unsecured claims exceeds the unsecured debt limit of $360,475 set forth in Section 109(e) of the Bankruptcy Code.

B. **CONCLUSIONS OF LAW**

1. The debt limits imposed by 11 U.S.C. § 109(e) include unsecured, liquidated and noncontingent claims.

2. Claims secured by real property, which are subject to be avoidance as "wholly unsecured" under 11 U.S.C. § 506 are counted as unsecured claims for the purpose of determining eligibility under section 109(e) pursuant to *Smith v. Rojas*, 435 B.R. 637 (9th Cir. BAP 2010), and the phrase "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any

hearing on such disposition or use or on a plan affecting such creditor's interest," in 11 U.S.C. § 506(a) is not a factor in determining eligibility for Chapter 13 under 11 U.S.C. § 109(e)

3.    *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975 (9th Cir. 2001) is applicable to liens avoided pursuant to 11 U.S.C. § 506(d), as well as liens avoided pursuant to 11 U.S.C. § 522(f).

4.    The debt limitations of 11 U.S.C. § 109(e) are uniform and not adjusted for state or local standards.

5.    Based on the foregoing, Debtors are ineligible for Chapter 13 relief pursuant to 11 U.S.C. § 109(e) because their total unsecured debt, including the amount set forth in Schedule F and the consensual and nonconsensual junior liens subject to avoidance, as set forth in Schedule D, is $372,095.98, which exceeds the unsecured debt limit of $360,475 set forth in 11 U.S.C. § 109(e).

6.    Unlike determinations under 11 U.S.C. § 707 and other sections of the Bankruptcy Code that take into account state and local standards and provide adjustments accordingly, Congress did not include adjustments for the amount of debt individuals owe for purposes of determining eligibility for relief under Chapter 13.

7.    While Chapter 13 may have been intended by Congress to provide relief to "middle-class wage earners" and to keep businesses out of Chapter 13, 11 U.S.C. § 109(e) does not provide for adjustments for regional differences, but instead, employs a national uniform standard for debts owed on the date of filing.

8.    The avoidance of liens pursuant to 11 U.S.C. § 506(d) is conditional upon the completion of plan payments. The lienholder retains the right to credit bid at a foreclosure sale and to share in the proceeds should the property subject to the lien be sold or refinanced, and retains its lien rights in the event of conversion or dismissal of the case.

9.    Pursuant to 11 U.S.C. § 1307, the debtor has the right to request voluntary dismissal of a Chapter 13 case before or after a plan is confirmed.

10.    Pursuant to 11 U.S.C. § 1307, the debtor has the right to convert a Chapter 13 case to a Chapter 7 liquidation case at any time.

###

DATED: April 27, 2011

_____
United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11268 Washington Blvd., Suite 203, Culver City, CA 90230.

A true and correct copy of the foregoing document described **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  N/A , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 22, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N.A. I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/22/2010 | David Ramos | /s/, David Ramos |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

**None**

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

**via U.S. Mail:**

Debtors:
Maximino Santos
Gloria Santos
10343 Park Street
Bellflower, CA 90706

Judge:
Honorable Alan M. Hart
U.S. Bankruptcy Court
Central District of California
Royal Federal Building
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012-3332

U.S. Trustee:
Office of the U.S. Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Chapter 13 Trustee:
Kathy A. Dockery
Chapter 13 Trustee
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT AND CONCLUSIONS OF LAW** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 22, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

U.S. Trustee:
Office of the U.S. Trustee
ustpregion16.la.ecf@usdoj.gov

Chapter 13 Trustee:
Kathy A. Dockery
efiling@CH13LA.com

Counsel for Debtor:
Peter M. Lively, Esq.
PeterMLively2000@yahoo.com

Creditor:
PRA Receivables Management LLC
Carol E Hardy
dgarcia@portfoliorecovery.com

**SERVED BY THE COURT VIA U.S. MAIL:**

Debtors:
Maximino Santos
Gloria Santos
10343 Park Street
Bellflower, CA 90706